O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Document #19
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present                           Not Present

**Proceedings:**     (In Chambers) Order Granting Motion to Dismiss

     Before the Court is a motion to dismiss filed by Citibank, N.A. and Citimortgage, Inc. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.     Background

     On or about July 12, 2005, Masako Suguri ("Plaintiff") purchased real property located at 11845 Thunderbird Avenue, Northridge, CA 91326 (the "Property"). Plaintiff financed the purchase of the Property with a loan through defendant Wells Fargo Bank, N.A. ("Wells Fargo") by means of a Fixed Rate Note in the amount of $527,000.00 (the "First Mortgage"). *Compl.* ¶¶ 11, 12. Defendant EFLOAN.com was the mortgage broker who arranged the mortgage between Plaintiff and Wells Fargo. On or around June 23, 2006, J.P. Morgan Chase extended a line of credit (the "First Line of Credit") to Plaintiff with a credit limit of $235,000.00. *Compl.* ¶ 15. On or around April 14, 2007, Defendant Citibank, N.A. ("Citibank") provided Plaintiff a second mortgage secured by a Fixed Rate Home Equity Loan Note in the amount of $285,100.00 (the "Second Mortgage"). The Second Mortgage provided by Citibank paid off the equity line of credit with J.P. Morgan Chase. *Compl.* ¶ 16. Defendant First Service Lending was the mortgage broker who arranged the Second Mortgage between Plaintiff and Citibank. Defendant Citimortgage, Inc. ("CMI") became the servicer for Plaintiff's Second Mortgage with Citibank.

     In 2008, Plaintiff defaulted on her loan payments. *Compl.* ¶ 23. Plaintiff sought to refinance the Property with Wells Fargo and Citibank but was denied. Plaintiff alleges that her

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

national origin was a substantial reason that the banks refused to refinance her loan and that the various defendants "neither explained the workings of the entire rates for each loan, how they are computed, nor the inherent volatility of each loan." *Compl.* ¶ 19.

Plaintiff filed this suit on March 17, 2009 against Wells Fargo, EFLOAN.com, Citibank, and CMI (collectively, "Defendants") for, *inter alia*, violation of the Truth and Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), violation of the Home Ownership and Equity Protection Act ("HOEPA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), and violations of 42 U.S.C. §§ 1981, 1983, and 2000d. Citibank and CMI now move (1) to dismiss Plaintiff's complaint and (2) to strike portions of Plaintiff's complaint.

II.     Legal Standard

    A.     Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id*. (Citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation and internal quotation marks omitted).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

B.   Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief " and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

III.   Discussion

Plaintiff alleges the following causes of action: (1) violation of TILA; (2) violation of RESPA; (3) violation of HOEPA; (4) violation of FDCPA; (5) violation of Cal. Civil Code § 1788; (6) breach of fiduciary duty; (7) breach of the covenant of good faith and fair dealing; (8) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (9) violation of Cal. Civil Code § 51.5; (10) violation of 42 U.S.C. § 1981; (11) violation of 42 U.S.C. § 1983; (12) violation of 42 U.S.C. § 2000D; (13) quiet title; and (14) declaratory relief.

A.   TILA Claim

1.   Whether Plaintiff's claim is barred by the statute of limitations.

Plaintiff alleges that Defendants violated TILA, which requires creditors/lenders to disclose various terms and conditions of credit when the borrower obtains a loan. *See* 15 U.S.C. §§ 1601, *et seq.* A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. 15 U.S.C. §§ 1635(a) and 1640. Defendants contend that Plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff executed the loan documents on April 14, 2007. *Compl.* ¶ 16. Hence, the statute of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Document #19
CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

limitations for this transaction began to run on April 14, 2007 and expired on April 14, 2008. Plaintiff did not file a complaint for damages under TILA until March 17, 2009, roughly 11 months past the one-year mark. Plaintiff's request for monetary damages is therefore time-barred, unless, as Plaintiff argues, the doctrine of equitable tolling applies. *King*, 784 F.2d at 915.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosure at the time of the loan consummation. *Id.* Courts then have discretion to "adjust the limitations period accordingly." *Id*. The applicability of equitable tolling often depends on matters outside the pleadings. *Supermail Cargo, Inc. v. United States*, 68 F. 3d 1204, 1206 (9th Cir. 1995). Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Id*.

Here, however, Plaintiff's complaint does not allege any facts demonstrating entitlement to equitable tolling. Plaintiff alleges that TILA was violated, in part, because the various lender defendants did not make a full accounting, did not disclose the ownership of the loans, failed to explain why there is a difference between the APR and the interest rate on the note, failed to disclose brokerage fee and provided loan documents in English only. *Compl*. ¶ 27. There are no factual allegations to suggest that Defendants' actions prevented Plaintiff from discovering the claimed violation(s) within the statutory period.

As such, Defendants' motion to dismiss as to the TILA damages claim is GRANTED, with leave to amend. Plaintiff may amend this claim to allege circumstances that would equitably toll the statute of limitations.

> 2. Whether sufficient facts have been plead for a violation of TILA.

As an alternative basis for dismissal, Defendants contend that Plaintiff has not pled sufficient facts to allow her TILA claim to go forward. TILA requires covered lenders to provide "material disclosures" to a borrower at the time of making a loan. 15 U.S.C. § 1602(u). "Material disclosures" include the annual percentage rate, the finance charge, the amount financed, an itemization of the amount financed, the payment schedule, and the total number of payments. *Id*. TILA disclosures are intended to provide "meaningful disclosure" to consumers to allow them to compare the cost of credit. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 568, 100 S. Ct. 790, 63 L. Ed. 2d 22 (1980).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**Document #19**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

As stated above, Plaintiff alleges that TILA was violated, in part, because the various lender defendants did not make a full accounting, did not disclose the ownership of the loans, failed to explain why there is a difference between the APR and the interest rate on the note, and failed to disclose brokerage fees and provided loan documents in English only. *Compl.* ¶ 27. However, TILA does not mandate the disclosures Plaintiff argues should have been made to her. 15 U.S.C. § 1602(u) ("Material disclosures" include the annual percentage rate, the finance charge, the amount financed, an itemization of the amount financed, the payment schedule, and the total number of payments). Therefore, Defendants' motion to dismiss the TILA claim is GRANTED, with leave to amend.

### 3. Whether CMI is subject to TILA.

Plaintiff alleges that CMI is the servicer of the Citibank Loan. *Compl.* ¶ 18. Under TILA, "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Plaintiff argues in its opposition that CMI might be the owner of the note and therefore liable under TILA.

Plaintiff's speculation is insufficient to impose liability on a servicer under TILA. As such, Defendant's motion to dismiss the TILA claim as to CMI is GRANTED, without prejudice.

### B. RESPA Claim

#### 1. Whether Plaintiff's § 2607 claim is barred by the statute of limitations.

Plaintiff alleges that Defendants violated § 2607 of RESPA by purportedly charging improper yield spread premiums and other broker fees. Section 2607 states, in relevant part, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

Plaintiff's RESPA claim is subject to a one-year statute of limitations. 12 U.S.C. § 2614. Plaintiff obtained and executed the loan documents on April 14, 2007, and filed the complaint on March 17, 2009. Plaintiff alleges that the statute of limitations should be equitably tolled with respect to her RESPA claim because she was not fully informed and had no way of knowing

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

about or discovering Defendants' violations until March 2009.

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). As stated above, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss if equitable tolling is at issue. *Supermail*, 68 F.3d at 1206. Again, however, the complaint contains no specific factual allegations to support equitable tolling. Plaintiff asserts a general allegation that all defendants violated RESPA by purportedly charging improper yield spread premiums and other broker fees yet does not plead why she was prevented from discovering the purported violation until March 2009. Therefore, Defendants' motion to dismiss the § 2607 claim is GRANTED, with leave to amend.

      2.  Whether sufficient facts have been plead for a violation of § 2605(b).

Plaintiff further alleges that Defendants transferred the servicing of the loan in a manner that violated the notice requirement set forth in 12 U.S.C. § 2605(b). Section 2605(b) provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing loan to any other person." Additionally, § 2605(f) provides that a plaintiff must allege what actual damages they suffered as a result of a failure of notice. *Abdollahi v. Washington Mut., FA*, No. C09-00743, 2009 WL 1689656 (N.D. Cal. June 15, 2009). Here, Plaintiff does not allege that she suffered damages from the purported transfer. As such, Defendants' motion to dismiss the § 2605(b) claim is GRANTED, with leave to amend.

  C.  HOEPA Claim

In her opposition, Plaintiff admits that she is unable to maintain a claim for relief for a HOEPA violation. The Court therefore DISMISSES this claim with prejudice.

  D.  FDCPA and Cal. Civil Code § 1788 Claims

Plaintiff concedes that she cannot plead sufficient facts to maintain a cause of action for a violation of FDCPA and Cal. Civil Code § 1788. Accordingly, these claims are DISMISSED with prejudice.

  E.  42 U.S.C. § 1981 Claim

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

Plaintiff alleges that Defendants deprived her of equal rights under the law in violation of 42 U.S.C. § 1981. Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The elements of a § 1981 claim are: (1) Plaintiff is a member of a protected class; (2) Plaintiff attempted to contract for certain services; and (3) Plaintiff was denied the rights to contract for those services. *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). In the present matter, Plaintiff conclusorily states that Defendants refused to refinance her loan "because of her national origin." *Compl.* ¶ 24. However, her complaint contains no specific factual allegations that raise a right to relief beyond a speculative level. *See Twombly*, 550 U.S. 555; *Abdollahi v. Washington Mut., FA*, No. 09-743, 2009 WL 1689656, at *3 (N.D. Cal. June 15, 2009).

Therefore, Defendants' motion to dismiss the § 1981 claim is GRANTED, with leave to amend.

F. 42 U.S.C. § 1983 Claim

Plaintiff next alleges that Defendants violated 42 U.S.C. § 1983 when they refused to refinance Plaintiff's loan. To state a § 1983 claim, a plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States and that the defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988).

In the present action, Plaintiff has not pled facts which, if true, establish the existence of a protected life, liberty, or property interest, the deprivation of that protected interest, and the state action which brought about the deprivation. Plaintiff merely alleges that Defendants "refused to refinance the Plaintiff" and "provided all loan documents in English, which the Plaintiff did not and could not understand." *Compl.* ¶¶ 79-80.

Furthermore, a 42 U.S.C. § 1983 claim cannot be brought against a private party, except when a plaintiff has alleged that the entity is a "willful participant in joint action with the State

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

or its agents." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003). Plaintiff has not alleged facts that indicate Defendants were in joint action with the state or its agents.

As such, Defendants' motion to dismiss Plaintiff's § 1983 claim is GRANTED, with prejudice.

G. 42 U.S.C. § 2000D Claim

Plaintiff's next cause of action is brought pursuant to 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Plaintiff does not allege that she participated in or was the beneficiary of a government-funded program. Additionally, Plaintiff does not allege that Defendants received government money. Plaintiff further fails to claim that she suffered any discrimination. Plaintiff simply alleges that the loan documents were written in English, which she could not understand.[1] *Compl.* ¶ 89. There are no allegations that Plaintiff requested a foreign language translation of the loan documents before or after she signed them.

Therefore, Defendants' Motion to Dismiss the 42 U.S.C. § 2000D is GRANTED, with leave to amend.

H. Cal. Civil Code § 51.5 Claim

Plaintiff's next cause of action is for a violation of Cal. Civil Code § 51.5. Section 51.5 prohibits business establishments from discriminating against a person on the basis of sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation. According to the complaint, Defendants refused to "lend to, contract with, or refinance the Plaintiff based on her race, color, religion, ancestry, and national origin." *Compl.* ¶ 66. However, Plaintiff fails to specifically identify the discriminatory action(s) taken by each Defendant. Her formulaic allegations lumping all Defendants together are insufficient to state a claim. *See Twombly*, 550 U.S. at 555. As such, Defendants' motion to dismiss the § 51.5 claim

---

[1] Plaintiff asserts that her primary language is Japanese (*Compl.* ¶ 80) but later asserts that her primary language is Korean (*Compl.* ¶ 89).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

is GRANTED, with leave to amend.

    I.    <u>Breach of Fiduciary Duty Claim</u>

Plaintiff concedes that she cannot plead sufficient facts to maintain a cause of action for breach of fiduciary duty. Accordingly, this claim is DISMISSED with prejudice.

    J.    <u>Breach of the Covenant of Good Faith and Fair Dealing Claim</u>

Plaintiff asserts a cause of action for breach of the implied covenant of good faith and fair dealing. Every contract imposes an obligation of good faith and fair dealing between the parties in its performance and its enforcement, and if the promise of the defendant is not expressed by its terms in the contract, it will be implied. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 349, 100 Cal. Rptr. 2d 352 (2000); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683, 254 Cal. Rptr. 211 (1988). The duty embraces, among other things, an implied obligation that neither party shall do anything to injure or destroy the right of the other party to receive the benefits of the agreement. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393, 272 Cal. Rptr. 387 (1990).

However, a contract must have five characteristics in order for one of the parties to state a cause of action in tort for breach of the covenant of good faith and fair dealing. *Elxsi v. Kukje Am. Corp.*, 672 F. Supp. 1294, 1299 (N.D. Cal. 1987). Those five factors are the following:

> (1) the contract must be such that the parties are in inherently unequal bargaining positions; (2) the motivation for entering the contract must be a nonprofit motivation, i.e., to secure peace of mind, security, future protection; (3) ordinary contract damages are not adequate, because (a) they do not require the party in the superior position to account for its actions, and (b) they do not make the inferior party "whole"; (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability.

*Id.* Additionally, Plaintiff must allege sufficient facts showing:

> [T]hat the Defendants' conduct, whether or not it constitutes a breach of consensual contract term, demonstrates a failure or refusal to discharge

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Document #19
CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act that unfairly frustrates the agreed common purposes and disappoints the other party's reasonable expectations thereby depriving that party of the benefits of the agreement.

*Careau*, 222 Cal. App. 3d at 1395.

In the present case, Plaintiff merely states that at all times "there existed between Plaintiff and Defendant, and each of them, either a direct or implied contractual obligation." *Compl*. ¶ 57. However, Plaintiff has not alleged any facts in the complaint as to how Defendants consciously and deliberately breached their agreement. Furthermore, Plaintiff fails to plead any of the five factors necessary to state a cause of action in tort for breach of the covenant of good faith and fair dealing.

Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's good faith and fair dealing claim, with leave to amend.

K. Bus. & Prof. Code §§ 17200, *et seq*. Claim

Plaintiff next alleges that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the Unfair Competition Law or "UCL") in that Defendants made their loan to Plaintiff based on the equity of her property rather than her ability to make payments and misrepresented "the key loan terms." *Compl*. ¶¶ 61-62. The California Supreme Court recently held that a plaintiff must plead and prove actual reliance when a UCL claim is based on fraud. *In Re Tobacco,* 46 Cal. 4th 298, 326-28, 93 Cal. Rptr. 3d 559 (2009).

In the present case, Plaintiff's UCL claim is entirely deficient. First, Plaintiff fails to identify any specific fraudulent statement made by a particular Defendant. Further, she does not allege facts to suggest that she relied on Defendants' misrepresentations regarding her loan and as such, her allegations are insufficient to state a claim of fraud in violation of the UCL.

For the above stated reasons, Defendants' motion to dismiss Plaintiff's UCL claim is GRANTED, with leave to amend.

L. Quiet Title Action

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Document #19
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

Plaintiff requests leave to amend the complaint with regard to her quiet title claim. The Court DISMISSES the claim and GRANTS Plaintiff's request.

M.  Declaratory Relief Claim

Plaintiff's final cause of action seeks "a declaration of rights and duties of the parties herein by the court . . . to determine the actual status and validity of the loan and any rights, duties, and/or obligations as to the enforcement of it." *Compl* ¶ 108. 28 U.S.C. § 2201 provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

However, Plaintiffs do not possess an absolute right to a legal determination and the decision to grant declaratory relief is a matter of the court's discretion. *See United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985) (citations omitted).

Because the Court has dismissed all of Plaintiff's other claims, it declines to hear the claim for declaratory relief. As such, Defendants' motion to dismiss Plaintiff's claim for declaratory relief is GRANTED, with leave to amend.

N.  Motion to Strike

Plaintiff seeks punitive damages on her TILA, UCL, and 42 U.S.C. § 2000d claims. Defendants move to strike these demands for punitive damages from Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(f). The Court notes that Plaintiff's opposition completely disregards the motion to strike and thus, she has conceded the issues. For this reason and the reasons stated below, the Court GRANTS Defendants' motion to strike.

1.  TILA Claim

Plaintiff alleges that she is entitled to punitive damages under TILA. *Compl.* ¶ 31. TILA, however, does not provide for punitive damages, especially when there are no allegations of malice. 15 U.S.C. § 1640(a) (providing for punitive damages for class actions but not individual

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Document #19
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

suits); *Parker v. Dekalb Chrysler Plymouth*, 673 F. 2d 1178, 1181 (5th Cir. 1982); *Barber v. Kimbrell's, Inc.*, 577 F. 2d 216, 225 (4th Cir. 1978) ("statutory damages under § 1640(a)(2)(B) [are] nothing more than a prayer for statutorily-authorized punitive damages"); *Smith v. Capital Roofing Co. Of Jackson, Inc.*, 622 F. Supp. 191, 195-96 (S.D. Miss. 1985). TILA offers a variety of remedies to a plaintiff, such as, actual damages or twice the amount of any finance charge, but punitive damages are not an option.

Therefore, Defendants' motion to strike Plaintiff's request for punitive damages under TILA is GRANTED.

   2. <u>UCL Claim</u>

Paragraph 64 of Plaintiff's complaint seeks punitive damages from Defendants under the UCL. Plaintiff, however, is not entitled to recover punitive damages under Cal. Bus. & Prof. Code §§ 17200, *et seq*. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538 (1992). Under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution. *Cel-Tech*, 20 Cal. 4th at 179.

Therefore, Defendants' Motion to Strike Plaintiff's demands for punitive damages under the UCL is GRANTED.

   3. <u>42 U.S.C. § 2000d Claim</u>

Finally, Plaintiff requests punitive damages for Defendants' alleged violation of 42 U.S.C. § 2000d. However, punitive damages may not be awarded in private suits brought under 42 U.S.C. § 2000d. *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002). As such, Defendants' motion to strike Plaintiff's request for punitive damages under 42 U.S.C. § 2000d is GRANTED.

IV. <u>Conclusion</u>

Although not all Defendants joined in the motion to dismiss, the Court finds it appropriate to dismiss the complaint in its entirety. *Silverton v. Dep't of Treasury of the United States*, 644 F.2d 1341, 1345 (9th Cir. 1981) (Court may *sua sponte* dismiss an action as to defendants who have not moved to dismiss when they are in a position similar to that of moving defendants or where the claims are "integrally related"). For the foregoing reasons, the Court:

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Document #19
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-1828 PSG (PJWx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Masako Suguri v. Wells Fargo Bank, N.A., et al. | | |

1. GRANTS Defendants' motion to dismiss Plaintiff's TILA claim, with leave to amend.
2. GRANTS Defendants' motion to dismiss Plaintiff's RESPA claim, with leave to amend.
3. DISMISSES Plaintiff's HOEPA claim, with prejudice.
4. DISMISSES Plaintiff's claims for violation of FDCPA and California Civil Code § 1788, with prejudice.
5. GRANTS Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1981 claim, with leave to amend.
6. GRANTS Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1983 claim, with prejudice.
7. GRANTS Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 2000D claim, with leave to amend.
8. GRANTS Defendant's motion to dismiss Plaintiff's § 51.5 claim, with leave to amend.
9. DISMISSES Plaintiff's claim for breach of fiduciary duty with prejudice.
10. GRANTS Defendants' motion to dismiss Plaintiff's covenant of good faith and fair dealing claim with, leave to amend.
11. GRANTS Defendants' motion to dismiss Plaintiff's UCL claim, with leave to amend.
12. GRANTS Plaintiff's request to amend the complaint with regard to her quiet title claim.
13. GRANTS Defendants' motion to dismiss Plaintiff's claim for declaratory relief, with leave to amend.
14. GRANTS Defendants' motion to strike Plaintiff's request for punitive damages under TILA.
15. GRANTS Defendants' motion to strike Plaintiff's demands for punitive damages under § 17200 of the Cal. Bus and Prof. Code.
16. GRANTS Defendants' Motion to Strike Plaintiff's request for punitive damages under 42 U.S.C. § 2000d.

Plaintiff may file an amended complaint within 21 days of the date of this order. Failure to do so will result in this action being dismissed with prejudice.

**IT IS SO ORDERED.**